IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 03-0867 

════════════
 
In re 
Wilson N. Jones Memorial Hospital, Ramona Henson, R.N., And Shelly Self, 
L.V.N.,  
Relators
 
 
════════════════════════════════════════════════════
On Petition for Writ of 
Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
The 
issue in this original proceeding is whether section 15.007 of the Civil 
Practice and Remedies Code authorizes a statutory probate court to transfer a 
wrongful death and survival case to itself under section 5B of the Probate Code 
when venue would be improper under chapter 15 of the Civil Practice and Remedies 
Code in the county in which the probate court is located and a party 
objects.  In our opinions issued 
today in Gonzalez v. Reliant Energy, Inc.[1] 
and In re Reliant Energy, Inc.,[2] 
we answered this question in the negative.  
We therefore hold in this case that the Travis County probate court 
erroneously transferred a wrongful death and survival action from a Grayson 
County district court to itself pursuant to section 5B of the Probate Code.[3]  Venue was not proper in Travis County 
under chapter 15 of the Civil Practice and Remedies Code.[4]  
Pursuant 
to Texas Rule of Appellate Procedure 52.8(c), we issue this opinion without 
hearing oral argument[5] 
and conditionally grant mandamus relief directing the Travis County probate 
court to vacate its order granting the motion to transfer.  Our writ will issue only if the probate 
court fails to act in accordance with this opinion.
 
OPINION 
DELIVERED:         
March 11, 2005




[1] ___ S.W.3d ___ (Tex. 2005). 


[2] ___ S.W.3d ___ (Tex. 2005). 


[3] Act of May 20, 1999, 76th Leg., R.S., ch. 1431, ' 1, 1999  Tex. Gen. Laws 4876, 4876 
(amended 2003) (current version at Tex. 
Prob. Code ' 5B). 


[4] Tex. Civ. Prac. 
& Rem. Code 15.002. 

[5] Tex. R. App. P. 
52.8(c).